UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**CHARLES K. FOSTER,**

    Petitioner,

v.                                        **Case No.: 5:03cv108/MCR**
                                              **Capital Case**

**JULIE L. JONES, Secretary,**
    **Florida Department of Corrections,**
    **et al,**

    Respondents.
_____/

## O R D E R

Before this Court is an Expedited Motion for Appointment and Motion to Permit Federal Defender Counsel to Exhaust Relief in State Court filed on behalf of Petitioner by the Capital Habeas Unit ("CHU") of the Federal Public Defender Office for the Northern District of Florida. (ECF No. 61). The CHU seeks appointment as substitute counsel and permission to exhaust relief in state court in light of *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hall v. Florida*, 134 S. Ct. 1986 (2014). Petitioner's motion indicates that Respondent does not object to the CHU's appointment as substitute counsel but opposes granting the CHU permission to

Case No.: 5:03cv108/MCR

exhaust relief in state court. (*See* ECF No. 61 at 27). Respondent, however, has not filed a response in opposition within the deadline required by the rules of this Court. *See* N.D. Fla. Loc. R. 7.1(E).

Substitution of Counsel

Petitioner, a death-sentenced inmate, filed an initial petition for a writ of habeas corpus and a supplemental memorandum in support in 2003. (ECF Nos. 5, 15). Petitioner's petition was dismissed as untimely in December of 2004, and a certificate of appealability was denied by this Court and by the Eleventh Circuit Court of Appeals. (*See* ECF Nos. 28, 51, 57). While Petitioner currently has no litigation pending in this Court, Mary Catherine Bonner was appointed and remains counsel of record for Petitioner. (*See* ECF No. 7). According to Petitioner's motion, Ms. Bonner has indicated that she is unable to represent him in any future litigation in either state or federal court. (ECF No. 61, 1-3). The CHU has specialized knowledge and resources concerning capital litigation, and the Court finds that the interests of justice require that substitute counsel be provided to Petitioner. *See* 18 U.S.C. § 3599(a)(2) and (e); *see also Harbison v. Bell*, 556 U.S. 180 (2009); *Martel v. Clair*, 565 U.S. 648, 657-62 (2012).

Exhaustion of State Court Relief

This Court has permitted the CHU to represent petitioners in state court to exhaust relief under *Hurst* when the petitioner had no available state counsel who could furnish adequate representation. *See Bailey v. Jones*, Case No. 5:14cv333/MCR, ECF No. 51; *Grim v. Jones*, Case No. 3:08cv2/MCR, ECF No. 64; *Archer v. Jones*, Case No. 3:06cv312/MCR, ECF No. 78. In addition to Ms. Bonner's unavailability, Petitioner's prior state-appointed counsel, James McDermott, died in 2009. Because Petitioner does not have available state counsel, the CHU may represent Petitioner in exhausting claims under *Hurst* and *Hall* in state court as long as a different attorney has not been appointed. If Petitioner is represented by a state-appointed attorney, the CHU may, and should, monitor state proceedings and coordinate with Petitioner's state attorney.

Accordingly, **IT IS ORDERED**:

1. Petitioner's Expedited Motion for Appointment and Motion to Permit Federal Defender Counsel to Exhaust Relief in State Court, ECF No. 61, is **GRANTED**.

2. The Capital Habeas Unit of the Office of the Federal Public Defender for the Northern District of Florida, 227 N. Bronough Street, Suite 4200, Tallahassee,

Florida, 32301, and Billy H. Nolas, specifically, are appointed as substitute counsel for Petitioner pursuant to 18 U.S.C. § 3599.

3. The Clerk's Office is directed to remove Ms. Bonner from the list of individuals who receive notice of electronic filing.

4. The Federal Public Defender CHU may represent Petitioner in state exhaustion proceedings in light of *Hurst* and *Hall* under the conditions set out in this Order.

**DONE** and **ORDERED** this 31st day of March, 2017.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**